**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN GABRIEL MORALES-ORTIZ,

    Defendant - Appellant.

No. 05-2002
(D.C. No. CR-03-1890 JB)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Juan Gabriel Morales-Ortiz challenges his sentence on direct appeal. Pursuant to a plea agreement, Morales-Ortiz pled guilty to an information stipulating that he conspired to distribute cocaine in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C), and 846. His plea agreement referenced a total drug quantity of two kilograms. The district court sentenced Morales-Ortiz on

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

December 20, 2004, treating the Guidelines as mandatory, and imposed a sentence of 57 months' imprisonment, at the bottom of the applicable Guidelines range.

Morales-Ortiz does not challenge the validity of his conviction or the calculation of his Guidelines range, but asks this court to remand for resentencing in accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).[1]  He concedes that our decision in United States v. Gonzalez-Huerta, 403 F.3d 727 (2005), controls.  In that case, we held that plain error review is appropriate when, as here, the district court relied solely on admitted facts and Booker error was not alleged below.  Id. at 732.  "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (quotation omitted).  Morales-Ortiz admits in his brief that "[h]e cannot [show plain error] on the present record," but "raises the issues solely to preserve them for Supreme Court review."  We are bound by Gonzalez-Huerta and must affirm.

Morales-Ortiz's appeal is **DENIED** and the sentencing determination of the

_____

[1] Although the government was within its rights to seek enforcement of Morales-Ortiz's plea waiver, it has opted to argue this case on the merits.  As such, we decline to decide the case on that ground.  See United States v. Clark, 415 F.3d 1234, 1238 n.1 (10th Cir. 2005).

district court is **AFFIRMED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge